## WATTS *v.* HART ET AL.

[No. 12,915. Filed December 13, 1927. Rehearing denied March 16, 1928. Transfer denied October 30, 1931.]

*Thomas Duncan,* for appellant.
*Marshall R. Tweedy,* for appellees.

THOMPSON, J.—Appellant filed his claim for services rendered and expenses incurred by him subsequent to the filing of the report of the drainage commissioners in a certain drainage petitioned for by Oscar R. Heim, et al., in the Vanderburgh Circuit Court. The services rendered were rendered in preparation for the trial of remonstrances filed against the establishment of such drain, and consisted, among other items, of 74 days' services in obtaining additional data and preparing the same for testimony, for which appellant claims $25 per day, and 47 days' services as a witness in court giving testimony in the hearing of said report and the remonstrances addressed thereto, at $50 per day. Appellant contends that these services were rendered as a drainage commissioner and civil engineer. Drainage commissioners and engineers are entitled to such compensation as the court or board of commissioners may allow under the provisions of §6282 Burns 1926. We do not understand, however, that the services for which he seeks to recover were rendered by him as a drainage commissioner. Section 6173 Burns 1926, provides that: "When the drainage commissioners file their report, they shall include therein an itemized account of the costs and expenses incurred by the commissioners in making the survey and assessments and [in] the completing and filing of their report, . . . and if, at the time of the approval thereof, the petitioner or petitioners shall have on file a bond as provided by law, in order that the county may be subrogated, the court shall allow costs and order the same advanced and paid out of the county treasury."

This provision of the statute provides for the payment of expenses and per diem of the commissioners and the civil engineer up to and including the ▮ filing of their report. As such drainage commissioners, their services are then at an end. Whatever compensation such drainage commissioners, or any of them, should receive for services in the preparation for the trial of a remonstrance in a drainage proceeding is a matter of private arrangement between them respectively and the persons by whom they are employed. As witnesses in court, testifying to the facts involved in the trial of such remonstrance, the drainage commissioners are only entitled to $1.25 per day and five cents per mile for the miles necessarily traveled during the time they were in attendance at court, the same as any other witness. We know of no statute that would authorize appellant to recover any other compensation as part of the costs of the trial of a remonstrance against the establishment of a drain. As to appellant's right to charge for expert testimony as a condition to giving it, see *Buckman* v. *State* (1877), 59 Ind. 1, 26 Am. Rep. 75.

Judgment affirmed.